J-S96017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| GIRARD WEST | |
| Appellant | No. 430 WDA 2016 |

Appeal from the PCRA Order February 26, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):
CP-02-CR-0000527-2001
CP-02-CR-0000528-2001
CP-02-CR-0000529-2001
CP-02-CR-0000531-2001
CP-02-CR-0005223-2001

BEFORE: BENDER, P.J.E., BOWES, J., AND SOLANO, J.

MEMORANDUM BY BOWES, J.: **FILED JANUARY 9, 2017**

Girard West appeals from the February 26, 2016 order denying him PCRA relief. We affirm.

Appellant was charged in these actions with seventeen counts of burglary and one count each of attempted theft and possession of an instrument of crime. Appellant was entering properties, including homes and apartment buildings, throughout Pittsburgh and removing stained glass windows and other items such as mantels, brass, and fixtures. After he was identified in connection with one crime and his fingerprints were found at the

scene of another, Appellant confessed to the criminal enterprise and indicated that he committed the burglaries to support a drug habit. On June 21, 2001, he entered a guilty plea to seventeen counts of burglary and was sentenced on September 25, 2011, to sixteen to thirty-two years imprisonment. After his post-sentence motion to withdraw his guilty plea was denied, Appellant appealed, and, on September 16, 2003, we affirmed. *Commonwealth v. West*, 835 A.2d 838 (Pa. 2003) (unpublished memorandum).

Appellant filed a PCRA petition on October 9, 2003. Counsel was appointed, and filed an amended petition. After the PCRA court conducted a hearing, it denied PCRA relief on May 12, 2004, and we affirmed. *Commonwealth v. West*, 881 A.2d 892 (Pa.Super. 2005) (unpublished memorandum). Appellant filed a second petition on June 15, 2006, which was denied. We affirmed by order dated August 13, 2007. *Commonwealth v. West*, 935 A.2d 26 (Pa.Super. 2007) (unpublished memorandum). We noted therein that, since Appellant had not filed a petition for allowance of appeal, his judgment of sentence became final for purposes of the PCRA on October 16, 2003, and he had until October 16, 2004, to file a timely PCRA petition. We concluded that Appellant's June 15, 2006 petition was untimely.

On April 19, 2015, Appellant filed another petition, which he styled as a motion for *habeas corpus* relief and wherein he sought to vacate his

sentence based upon its purported illegality. That motion was denied on February 26, 2016, and this appeal followed. Appellant claims are as follows:

> I. Was petitioner unconstitutionally den[ie]d by a state court, the retroactive rel[ie]f and application of U.S. Supreme Court decisions, "United States v. Alleyne, Greer, Johnson, Shavers, Booker; denied the application of Marbury v. Madison, Testa v. Katt; the Harper rule pursuant to Article VI. Clause 2. "the Supremacy Clause, "nunc pro tunc?
>
> II. Whether the state court by its refusal to apply the decisions Alleyne -Apprendi, via the supremacy clause to the appellant's case nunc pro tunc, was tantamount to a state court committing a unconstitutional structural defect?
>
> III. Whether Appellant's sentence is illegal?

Appellant's brief at 3.[1]

Initially, we note that Appellant's so-called *habeas corpus* petition must be treated as a PCRA petition.

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the

---

[1] These averments have been construed by the PCRA court and the Commonwealth as raising a challenge to Appellant's sentence based upon ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). In that decision, the Court held that any fact, other than a prior conviction, that invokes application of a mandatory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt. However, the sentencing order entered herein indicates that no mandatory sentence was imposed. Furthermore, our Supreme Court has ruled in ***Commonwealth v. Washington***, 142 A.3d 810, 811 (Pa. 2016), that ***Alleyne*** does not apply retroactively "to attacks upon mandatory minimum sentences advanced on collateral review."

- 3 -

writ of *habeas corpus.* Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition.

*Commonwealth v. Taylor*, 65 A.3d 462, 465–66 (Pa.Super. 2013). Claims pertaining to the legality of a sentence are cognizable under the PCRA, *Commonwealth v. Fahy,* 737 A.2d 214 (Pa. 1999), and we regard the motion at issue as a PCRA petition.

This Court reviews the "denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Roane*, 142 A.3d 79, 86 (Pa. Super. 2016) (quoting *Commonwealth v. Treiber,* 121 A.3d 435, 444 (Pa. 2015)). The present petition was dismissed as untimely.

All PCRA petitions must be filed within one year of the date a defendant's judgment becomes final unless an exception to the one-year time restriction applies. 42 Pa.C.S. § 9545(b)(1). If a PCRA petition is untimely, "neither this Court nor the trial court has jurisdiction over the petition." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014). (citation omitted); *see also Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006).

We have previously noted that Appellant's judgment of sentence became final on October 16, 2003, and that he had until October 16, 2004, to file a timely PCRA petition under § 9545. The present April 19, 2015 petition is thus untimely. We further observe that, even though cognizable

under the PCRA, illegality of sentencing issues must be brought in a timely manner. *Fahy*, *supra*; *Commonwealth v. Jackson*, 30 A.3d 516 (Pa.Super. 2011). Appellant has not invoked any exception to the one-year time bar. Hence, we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/9/2017